*623 BERZON, Circuit Judge,
dissenting:
I respectfully dissent. I would hold that summary judgment should not have been granted. Perez presented sufficient evidence that the neutral reasons given to explain her discipline were pretextual to permit a jury to infer that she was disciplined, at least in part, because she is a woman.
First, as the majority disposition acknowledges, there was evidence that the Alameda County Sheriffs Office did not follow its established antidiscrimination policies in considering complaints of gender-based discriminatory treatment. Those lapses were attributable to the same supervisors involved in Perez’s adverse employment decision, related to complaints of discrimination in the meting out of discipline, were repeated and so demonstrated a “consistent pattern of behavior” over a period of time, and were close in time to the investigation. See Lam v. Univ. of Hawai'i, 40 F.3d 1551, 1563 (9th Cir. 1994). Additionally, these failures to report complaints of discrimination according to policy were sometimes accompanied by gender-based comments discounting the complaints.[1] These factors suffice to provide some evidence of a discriminatory motive, and so help establish that the reasons enunciated were pretextual. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998); Morgan v. Regents of Univ., 88 Cal.App.4th 52, 77, 105 Cal.Rptr.2d 652 (2000).
Second, the “me too” evidence provided by other women employees was also of suffieient significance to support a pretext finding. That the precise circumstances encountered by those women differed from those Perez endured does not negate the inference of discriminatory animus arising from their treatment. Johnson v. United Cerebral Palsy, 173 Cal.App.4th 740, 767, 93 Cal.Rptr.3d 198 (2009), relied upon by the majority to support its conclusion to the contrary, held that “[dissimilarities between the facts related in the other employees’ declarations and the facts asserted by plaintiff with regard to her own case go to the weight of the evidence, not its admissibility.” On summary judgment, district judges are not fact-finders and should not be weighing the evidence.
Third, Perez presented evidence that she was disciplined in part—although not entirely—for conduct that men also engaged in but were not disciplined for. For example, there was evidence that two male employees were not disciplined but instead instructed to locate their own “missing paperwork,” and that even that level of supervisory attention arose only after Perez was disciplined for the same omission. That Sergeant Farruggia was punished does not negate a permissible inference from the failure to discipline men for similar infractions. Farruggia was a sergeant with responsibility to review reports and logs for accuracy and completeness, so his infractions could be considered more serious than Perez’s.
Finally, the gender-based “derogatory comments” by male supervisors do support a finding of discriminatory motive. Harris v. City of Santa Monica, 56 Cal.4th 203, *624 152 Cal.Rptr.3d 392, 294 P.3d 49, 61, 65 (2013), held that stray remarks are not enough on their own to prove “that improper bias was in fact a motivating factor behind a particular employment decision.” But the California Supreme Court made clear in Reid v. Google, Inc., 50 Cal.4th 512, 113 Cal.Rptr.3d 327, 235 P.3d 988 (2010), that “when combined with other evidence of pretext, an otherwise stray remark may create an ‘ensemble [that] is sufficient to defeat summary judgment.’ ” Id., 113 Cal.Rptr.3d 327, 235 P.3d at 1008 (quoting Shager v. Upjohn Co., 913 F.2d 398, 403 (7th Cir. 1990)).
In sum, “a trial court must review and base its summary judgment determination on the totality of evidence in the record, including any relevant discriminatory remarks.” Reid, 113 Cal.Rptr.3d 327, 235 P.3d at 1008. The question is not, as the majority supposes, whether a single piece or type of evidence “create[s] only a weak issue of fact,” id. but rather whether all the direct and circumstantial evidence of pretext, “when taken together, ... constitute[s] sufficient evidence to demonstrate a triable issue of fact,” even if each alone would be insufficient. Johnson, 173 Cal.App.4th at 758, 93 Cal.Rptr.3d 198.
Here, the evidence sufficiently supports an inference of discriminatory motive in the actions taken against Perez. Although each type of evidence, alone, may well be too weak to raise a question of material of fact, the various types of evidence discounted by the majority, together, are strong enough that the grant of summary judgment was improper.
I would reverse the grant of summary judgment and remand for trial.

. Despite a long record of reports to supervisors about feeling as though she was being treated differently with respect to job standards and discipline, Perez's complaints were not reported up the chain of command. When Perez complained to higher-ups, her complaints were met with excuses and questions about whether she was being "overly sensitive” or "PMSing,” and she was called a "whiner” behind her back.
When Perez and another female employee specifically contested the imposition of formal discipline by bringing binders of evidence to higher-level supervisors, those supervisors refused to look at the evidence. Instead, the alleged disparate discipline continued.